UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-24156-BLOOM/Otazo-Reyes

RENÉ GARCIA, *et al.*,

    Plaintiffs,

v.

KERRIE J. STILLMAN, *et al.*,

    Defendants.
_____/

## ORDER ON MOTION FOR LEAVE TO INTERVENE

**THIS CAUSE** is before the Court upon Movant Henry Tien's Motion for Leave to Intervene, ECF No. [53] ("Motion"), docketed on February 28, 2023. Movant additionally filed an Intervention Complaint, ECF No. [51] ("Complaint"), explaining the reason that he seeks to intervene in this case. Plaintiffs filed a Response in Opposition, ECF No. [54]. The Court has considered Movant's filings, Plaintiffs' Response, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is denied.

"Under Federal Rule of Civil Procedure 24, a party may seek to intervene of right or with the permission of the district court." *Loyd v. Ala. Dep't of Corrs.*, 176 F.3d 1336, 1339 (11th Cir. 1999) (footnote call numbers omitted). "A party seeking to intervene as of right under Rule 24(a)(2) must show that: (1) his application to intervene is timely; (2) he has an interest relating to the property or transaction which is the subject of the action; (3) he is so situated that disposition of the action, as a practical matter, may impede or impair his ability to protect that interest; and (4) his interest is represented inadequately by the existing parties to the suit." *Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir. 1989) (citation omitted).

Case No. 22-cv-24156-BLOOM/Otazo-Reyes

The Motion exclusively addresses the timeliness factor, arguing that intervention is timely because the case is still at an early phase and the date to add parties has not passed. ECF No. [53] at 1. Movant's Complaint arguably touches on the second and third factors. *See* ECF No. [51]. Movant asserts that he has an interest in this case because he wishes to become mayor of the City of South Miami in the event that Defendant Javier Fernández – the current mayor – is forced to step down. *Id*.

However, Movant's desire to become mayor of the City of Miami is not a "direct, substantial, legally protectible interest in the proceeding." *Chiles*, 865 F.2d at 1213-14 (quotation marks omitted). Movant has no right to become mayor. He has no greater interest than any other Floridian who wants Article 2, Section 8(f) of the Florida Constitution to be enforced to prevent paid lobbyists from holding office. Moreover, there is no indication that Movant's interest "is represented inadequately by the" Attorney General of the State of Florida and the other Defendants in this case. *Chiles*, 865 F.2d at 1213. Accordingly, Movant has failed to show that he has a right to intervene.

As for permissive intervention, "[p]ermissive intervention under Fed. R. Civ. Proc. 24(b) is appropriate where a party's claim or defense and the main action have a question of law or fact in common and the intervention will not unduly prejudice or delay the adjudication of the rights of the original parties." *Mt. Hawley Ins. Co. v. Sandy Lake Props.*, 425 F.3d 1308, 1312 (11th Cir. 2005) (quoting *Georgia v. U.S. Army Corps of Eng'rs*, 302 F.3d 1242, 1250 (11th Cir. 2002)). "If there is no right to intervene under Rule 24(a), it is wholly discretionary with the court whether to allow intervention under Rule 24(b) and even though there is a common question of law or fact, or the requirements of Rule 24(b) are otherwise satisfied, the court may refuse to allow

intervention." *Purcell v. BankAtlantic Fin. Corp.*, 85 F.3d 1508, 1513 (11th Cir.1996) (quoting *Worlds v. Dep't of Health & Rehab. Servs.*, 929 F.2d 591, 595 (11th Cir.1991)).

This case is a dispute over the constitutionality Article 2, Section 8(f) and 8(h)(2) of the Florida Constitution and Fla. Stats. §§ 112.3121-112.3122 (collectively, the "Lobbying Restrictions"). Given Movant's minimal interest in the outcome of the case and his unrepresented status, his intervention will not "help resolve the issue" of the Lobbying Restrictions' constitutionality. *Mt. Hawley*, 425 F.3d at 1312. His intervention would only cause undue "delay in the adjudication of the rights of the original parties." *Id*. (quotation marks omitted). Thus, the Court denies permissive intervention.

Accordingly, it is **ORDERED AND ADJUDGED** that Movant's Motion for Leave to Intervene, **ECF No. [53]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on March 15, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Henry Tien
5660 S.W. 58 Place
Miami, FL 33143

aucadmiss@copper.net