UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

RENÉ GARCIA, et al.,

        Plaintiffs,

v.                                CASE NO. 1:22-cv-24156

KERRIE J. STILLMAN, et al.,

        Defendants.

_____/

## DEFENDANTS' ANSWER TO COMPLAINT AND DEFENSES

Pursuant to this Court's Order on Motion to Dismiss  (ECF 65), Defendants Kerrie J. Stillman, in her official capacity as Executive Director of the Florida Commission on Ethics; Glenton Gilzean, Jr., in his official capacity as Chairman of the Florida Commission on Ethics; Don Gaetz, in his official capacity as Vice-Chairman of the Florida Commission on Ethics;  Michelle Anchors, William P. Cervone, William N. Meggs, Ed H. Moore, Wengay M. Newton, Sr., Jim Waldman, and John Grant, in their official capacities as members of the Florida Commission on Ethics; Ashley Moody, in her official capacity as the Florida Attorney General ("AG"), and Jimmy Patronis in his official capacity as the Chief Financial Officer ("CFO") of the State of Florida, hereby submit their Answer to the Complaint and provide their defenses as follows:

## <u>INTRODUCTION</u>

1.   The allegations in this paragraph are legal conclusions that do not require a response. To the extent that a response is required, they are denied.

2.   The allegations in this paragraph are admitted except as to the phrase "impose unprecedented new restrictions on lobbying by current and former public officers" which is a legal conclusion  that requires no response. To the extent that a response is required, that phrase is  denied.

3.   The first sentence is denied.  The second sentence is denied because it misstates the constitutional provision.  As for the third sentence, it is admitted that the quoted definition of public officer appears at Fla. Const. Art. II, §8(f)(1).

4.   These two sentences are denied because they misstate the wording of Amendment 12.

5.    The first sentence is denied because it misstates the scope of subsection 112.3122(3), Florida Statutes.  The second, third and fourth sentences are admitted.

6.    The allegations in this paragraph are legal conclusions that do not require a response. To the extent that a response is required, they are denied.

7.      The allegations in this paragraph are legal conclusions that do not require a response. To the extent that a response is required, they are denied.

8.      The allegations in this paragraph are legal conclusions that do not require a response. To the extent that a response is required, they are denied.

## THE PARTIES

9.      The first sentence is admitted.  The second sentence is admitted, except Defendants are without sufficient knowledge whether Mr. Garcia co-founded the company and therefore is denied.  As for the third sentence, Defendants are without sufficient knowledge and therefore it is denied.

10.     The first three sentences are admitted.  As for the fourth sentence, Defendants are without sufficient knowledge and therefore its allegation is denied.

11.     Plaintiff Wagar has withdrawn from this lawsuit and therefore any response is moot.  To the extent a response is required, the first sentence is denied because Wagar resigned from that office. The second sentence is admitted. As for the third and fourth sentences, Defendants are without sufficient knowledge and therefore their allegations are denied.

12.     These allegations are moot based on the Court's Order on Motion to Dismiss, which found that Plaintiff Bernard lacks standing to challenge the disputed lobbying restrictions.  To the extent a response is required, the first

sentence is admitted. As for the second sentence, Defendants are without sufficient knowledge and therefore its allegations are denied.

13.     These allegations are moot based on the Order on Motion to Dismiss, which found that Plaintiff Proctor lacks standing to challenge the disputed lobbying restrictions.  To the extent a response is required, the first sentence is admitted except for the phrase "among his many accomplishments." That phrase is vague and cannot be admitted or denied.  As for the second sentence, Defendants are without sufficient knowledge and therefore its allegations are denied.

14.     The portion of the first sentence which reads "Defendant Kerrie J. Stillman is the Executive Director of the Florida Commission on Ethics"  is admitted, but the remainder of that sentence is denied based on the misstatement of the cited constitutional provision and statute. The second and third sentences are admitted.

15.     As for the first sentence, it is denied that John Grant is the current Chairman of the Florida Commission on Ethics and the remainder of that sentence is denied based on the misstatement of the cited constitutional provision and statute. It is admitted that John Grant is a current member of that Board.  The second and third sentences are admitted.

16.    As for the first sentence, it is denied that Glenton Gilzean is the current Vice Chairman of the Florida Commission on Ethics and the remainder of that sentence is denied based on the misstatement of the cited constitutional provision and statute. It is admitted that Glenton Gilzean is the current Chairman of that Board.  The second and third sentences are admitted.

17.    Admitted, except for the portion of the first sentence that cites the constitutional provision and statute.  That portion of the first sentence is denied based on the misstatement of the cited constitutional provision and statute.

18.    Admitted, except for the portion of the first sentence that cites the constitutional provision and statute.  That portion of the first sentence misstates the constitutional provision and statute, and is therefore denied.

19.    As for the first sentence, it is denied that Don Gaetz is a current member of the Florida Commission on Ethics and the remainder of that sentence is denied based on the misstatement of the cited constitutional provision and statute. It is admitted that Don Gaetz is the current Vice-Chairman of that Board.  The second and third sentences are admitted.

20.    Admitted, except for the portion of the first sentence that cites the constitutional provision and statute.  That portion of the first sentence misstates the constitutional provision and statute, and is therefore denied.

21.     Admitted, except for the portion of the first sentence that cites the constitutional provision and statute.  That portion of the first sentence misstates the constitutional provision and statute, and is therefore denied.

22.     Admitted, except for the portion of the first sentence that cites the constitutional provision and statute.  That portion of the first sentence misstates the constitutional provision and statute, and is therefore denied.

23.     Admitted, except for the portion of the first sentence that cites the constitutional provision and statute.  That portion of the first sentence misstates the constitutional provision and statute, and is therefore denied.

24.     The first and third sentences are admitted.  Denied that the AG may "enforce any penalty" pursuant to section 112.3122, Florida Statutes.  That statute authorizes the AG  only  the authority to "collect any penalty."

25.     The first and third sentences are admitted.  Denied that the CFO  may "enforce any penalty" pursuant to section 112.3122, Florida Statutes. The CFO is merely given collection authority - not enforcement authority - under this statute because he is charged with overseeing the Florida Treasury. § 112.3122 Fla. Stat.

**JURISDICTION AND VENUE**

26.     Denied that the court has subject matter jurisdiction. .

27.     Admitted.

## THE ADVOCACY RESTRICTIONS

28.     The allegations in the first sentence are legal conclusions that do not require a response. To the extent that a response is required, they are denied.  As for the second sentence, it is admitted that article II, §8(f)(1) provides this definition of "public officer."

29.     It is admitted that article II, §8(f)(2) states this.

30.     It is admitted that a portion of article II, §8(f)(3) states this, but denied that this subsection is stated in its entirety.

31.      The allegations in this paragraph are legal conclusions that do not require a response. To the extent that a response is required, they are denied.

32.     The allegations in this paragraph are legal conclusions that do not require a response. To the extent that a response is required, they are denied.

33.     The allegations in this paragraph are legal conclusions that do not require a response. To the extent that a response is required, they are denied.

34.     The allegations in this paragraph are legal conclusions that do not require a response. To the extent that a response is required, they are denied.

35.     The allegations in this paragraph are legal conclusions that do not require a response. To the extent that a response is required, they are denied.

36.     The allegations in this paragraph are legal conclusions that do not require a response. To the extent that a response is required, they are denied.

37.     These allegations are moot based on the Order on Motion to Dismiss, which found that no plaintiff has standing to challenge the "post-office" restrictions.  Moreover, the allegations in this paragraph are legal conclusions that do not require a response, but if a response is required, they are denied.

38.     These allegations are moot based on the Order on Motion to Dismiss, which found that no plaintiff has standing to challenge the "post-office" restrictions.  To the extent a response is required, the allegations in this paragraph are admitted, except for the usage of the words "Indeed" and "Similarly."  Any inference and/or connotation associated with the addition of those words is denied.

39.     These allegations are moot based on the Order on Motion to Dismiss, which found that no plaintiff has standing to challenge the "post-office" restrictions.  Moreover, the allegations in this paragraph are legal conclusions that do not require a response.  But if a response to those allegations is required, they are denied.

40.     These allegations are moot based on the Order on Motion to Dismiss, which found that no plaintiff has standing to challenge the "post-office" restrictions.  Moreover, the allegations in this paragraph are legal conclusions that do not require a response, but if a response is required, they are denied.

41.     The allegations in the first second, and fifth sentences are legal conclusions that do not require a response, but to the extent a response is required, they are denied.  The third and fourth sentences are denied.

## COUNT I

As to paragraphs 42. through 53, no responses are required. Count I has been dismissed  with prejudice per the Order on Motion to Dismiss.  To the extent that a response is required, the responses to paragraphs 1 through 41 are adopted herein for paragraph 42 and the allegations in  paragraphs 43-53 are denied as to paragraphs 43 through 53.

## COUNT II

54.     The above responses to  paragraphs 1 through 41 are adopted herein.

55.     Denied.

56.     These allegations are moot based on Plaintiffs' concession that they will not pursue compensatory damages and the Order on Motion to Dismiss (ECF

65 at p. 21). But to the extent that a response is required, the allegations are denied.

57.     The allegations are legal conclusions that do not require a response but to the extent that a response is required, they are denied.

58.     The allegations are legal conclusions that do not require a response, but to the extent that a response is required, they are denied.

59.     The allegations are legal conclusions that do not require a response, but to the extent that a response is required, they are denied.

60.     The allegations are legal conclusions that do not require a response, but to the extent that a response is required, they are denied.

61.     The allegations are legal conclusions that do not require a response, but to the extent that a response is required, they are denied.

## **DEFENSES**

**First Defense:**

This court lacks subject matter jurisdiction. No Plaintiff has shown an injury caused by the challenged restrictions. The restrictions apply only to issues of policy, appropriations, and procurement when the public officer's lobbying work is compensated.

**Second Defense:**

No Plaintiff has standing to sue Kerrie Stillman in her official capacity as the Executive Director of the Commission on Ethics. No Plaintiff has shown an imminent injury that is fairly traceable to Kerrie Stillman.

**Third Defense:**

No Plaintiff has standing to sue Attorney General Moody in her official capacity or Chief Financial Officer in his official capacity.  No Plaintiff has shown an imminent injury that is fairly traceable to either of those Defendants.

**Fourth Defense:**

No Plaintiff is entitled to injunctive relief. No Plaintiff has established an injury-in-fact or an imminent future injury.

**Fifth Defense**:

Laches bars Plaintiffs' claims because the constitutional they challenge was passed in 2018.

**Sixth Defense:**

This Court should decline to exercise jurisdiction under *Railroad Commission of Texas v. Pullman Co.*, 312 U.S. 496 (1941), which holds that "federal courts should not adjudicate the constitutionality of state enactments fairly

11

open to interpretation until the state courts have been afforded a reasonable opportunity to pass upon them." *Harrison v. Nat'l Ass'n for the Advancement of Colored People*, 360 U.S. 167, 176 (1959). As the Court has already said, it is a possible construction that "the Lobbying Restrictions specify issues of 'policy, appropriations, or procurement' to help define the meaning of 'lobbying,' not to discriminate among subjects." DE52 at 15 n.3. The State courts should be given an opportunity to pass on that interpretation.

**Seventh Defense:**

Plaintiffs cannot bring a facial challenge in this case because it is possible to consider their claims as-applied.

**Respectfully submitted,**

ASHLEY MOODY
ATTORNEY GENERAL

*/s/ Karen A. Brodeen*
KAREN A. BRODEEN  (FBN 512771)
Special Counsel
(850) 414-3665
Karen.Brodeen@myfloridalegal.com

*/s/ Noah Sjostrom*
NOAH T. SJOSTROM  (FBN 1039142)
Asst. Attorney General
(850) 414-3635
Noah.Sjostrom@myfloridalegal.com

Office of the Attorney General
General Civil Litigation Division
Complex Litigation
PL – 01 The Capitol
Tallahassee, Florida 32399-1050
COUNSEL FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 14th  day of April 2023, a true and correct

copy of this document was filed electronically with the Clerk of Court through the

CM/ECF filing system, which provides notice to all counsel of record.

*/s/ Karen A. Brodeen*
Karen A. Brodeen