UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-24156-BLOOM/Otazo-Reyes

RENÉ GARCIA, *et al.*,

    Plaintiffs,

v.

KERRIE J. STILLMAN, *et al.*,

    Defendants.
_____/

**ORDER ON MOTION FOR LEAVE TO APPEAL *IN FORMA PAUPERIS***

**THIS CAUSE** is before the Court upon Movant Henry Tien's Application to Proceed in District Court Without Prepaying Fees or Costs, ECF No. [72] ("Application"), filed on April 21, 2023. The Court has denied Movant leave to intervene in this case, *see* Order on Motion for Leave to Intervene, ECF No. [55], and Movant has filed a Notice of Appeal, ECF No. [67]. As such, the Court construes Movant's Application as his Motion for Leave to Appeal *In Forma Pauperis*. The Court has carefully reviewed the Application, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Application is denied.

"Applications to appeal in forma pauperis are governed by 28 U.S.C. § 1915 and Federal Rule of Appellate Procedure 24." *Woodson v. Sec'y Dep't of Corr.*, No. 02-21921-Civ, 2020 WL 5819808, at *2 (S.D. Fla. Sept. 29, 2020). "An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). "A party demonstrates good faith by seeking appellate review of any issue that is not frivolous when examined under an objective standard." *Ghee v. Retailers Nat'l Bank*, 271 F. App'x 858, 859 (11th Cir. 2008) (citation omitted). An issue is frivolous when it appears that "the legal theories are

indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir.1993) (citations omitted). "In other words, an IFP action is frivolous, and thus not brought in good faith, if it is 'without arguable merit either in law or fact.'" *Ghee*, 271 F. App'x at 859-60 (quoting *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001)).

On February 24, 2023, Movant filed his Motion for Leave to Intervene, ECF No. [53], and his "Intervention Complaint." ECF No. [51]. Neither of Movant's filings revealed whether he was seeking intervention as of right under Fed. R. Civ. P. 24(a), or permissive intervention under Fed. R. Civ. P. 24(b). The Court therefore analyzed whether intervention under either was appropriate. ECF NO. [55]. As for intervention as of right, the Court concluded that Movant failed to assert a "direct, substantial, legally protectible interest in the proceeding" because his only asserted interest in this case is that he wants to become mayor of the City of South Miami, a position that might become available if Defendant Javier Fernández is forced to resign as a result of the Lobbying Restrictions. ECF No. [55] at 2 (quoting *Chiles v. Thornburgh*, 865 F.2d 1197, 1213-14 (11th Cir. 1989). Moreover, Movant failed to show that his interests were not adequately represented by the Attorney General of the State of Florida and the other Defendants in this case. *Id*. As for permissive intervention, the Court concluded that Movant's intervention would not add any meaningful contribution to this case, and his intervention would result in undue delay in the adjudication of the original parties. *Id*. at 3.

Procedurally, Movant's Application is deficient for failing to "state[ ] the issues that the party intends to present on appeal." Fed. R. App. P. R. 24(a)(1)(C). Due to that failure, the Court does not know whether Movant seeks to appeal the issue of intervention as of right, or permissive intervention. Regardless, the Court concludes that both issues are frivolous. For the reasons explained in the Court's Order, ECF No. [55], Movant's Motion for Leave to Intervene failed to

satisfy multiple Rule 24(a) factors, most notably the requirement that Movant have a "direct, substantial, legally protectible interest in the proceeding." *Chiles*, 865 F.2d at 1213-14. As for permissive intervention, the Eleventh Circuit would evaluate the Court's determination under the highly deferential abuse-of-discretion standard. *See Worlds v. Dep't of Health and Rehab. Servs.*, 929 F.2d 591, 595 (11th Cir. 1991). The Court sees no possibility of the Eleventh Circuit concluding that the Court abused its discretion in these circumstances, wherein (a) Movant has no claim in this case, (b) his filings are procedurally deficient, (c) his intervention will not "help resolve the issue" of the Lobbying Restrictions' constitutionality, *Mt. Hawley Ins. Co. v. Sandy Lake Props.*, 425 F.3d 1308, 1312 (11th Cir. 2005), and (d) his intervention would "unduly delay . . . the adjudication of the original parties' rights. Rule 24(b)(3).

In sum, the Court concludes that Movant has failed to seek appellate review "of any issue that is not frivolous when examined under an objective standard." *Ghee*, 271 F. App'x at 859. The Court therefore finds Movant's appeal to be frivolous and "certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3).

Accordingly, it is **ORDERED AND ADJUDGED** that the Application, **ECF No. [72]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on April 24, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Case No. 22-cv-24156-BLOOM/Otazo-Reyes

Henry Tien
5660 S.W. 58 Place
Miami, FL 33143

aucadmiss@copper.ne