UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 22-cv-24156-BLOOM/Otazo-Reyes**

RENÉ GARCIA, *et al.*,

    Plaintiffs,

v.

KERRIE J. STILLMAN, *et al.*,

    Defendants.
_____/

**ORDER ON MOTION FOR STAY PENDING APPEAL**

**THIS CAUSE** is before the Court upon Defendants' Motion for Stay of Preliminary Injunction Pending Appeal, ECF No. [57] ("Motion"), filed on March 16, 2023. Plaintiffs filed a Response, ECF No. [60]. Defendants waived their right to file a Reply. ECF No. [61]. The Court has carefully considered the Motion, the Response, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, Defendants' Motion denied.

**I.    INTRODUCTION**

On December 27, 2022, Plaintiffs moved for a preliminary injunction enjoining Defendants from enforcing Article II, § 8(f)(1)-(3) of the Florida Constitution and Fla. Stat. § 112.3122. ECF No. [19]. On February 28, 2023, the Court granted Plaintiffs' motion in part and denied it in part. *See* Order on Motion for Preliminary Injunction, ECF No. [52] ("Order"). Specifically, the Court enjoined Defendants from enforcing Article II, Section 8(f)(2) of the Florida Constitution (the "In-Office Restrictions"). *Id*. at 23. On March 16, 2023, Defendants appealed that Order. *See* ECF No. [56] (Notice of Appeal).

In their instant Motion, Defendants "do not dispute the propriety of a narrow injunction aimed at protecting the named plaintiffs who were determined to reasonably fear enforcement of the In-Office Restrictions: Plaintiffs Garcia and Fernández." ECF No. [57] at 2. Rather, Defendants contend that the Court abused its discretion in extending injunctive relief beyond those two Plaintiffs. *Id*. They seek a stay or modification of the Court's Order pending appeal, limiting injunctive relief to Plaintiffs Garcia and Fernández. *Id*. at 5.

In Response, Plaintiffs argue that the Court's Order was appropriate and consistent with binding precedent striking down laws deemed facially unconstitutional under the First Amendment. *See generally* ECF No. [60].

Defendants waived their right to file a Reply. ECF No. [61]. On April 7, 2023, they filed a similar Motion to Stay in the Eleventh Circuit Court of Appeals. See No. 23-10872, *Garcia v. Exec. Dir., Fla. Comm'n on Ethics* (11th Cir. Apr. 7, 2023). The Court deferred to the Eleventh Circuit to determine if the requested stay should be granted. *See* ECF No. [66]. On May 10, 2023, the Eleventh Circuit denied Defendants' motion to stay without prejudice, giving this Court the opportunity to consider in the first instance whether to modify its injunction. ECF No. [76-1] at 4-5.

## II.     LEGAL STANDARD

When an appeal is taken from an interlocutory order granting an injunction, Federal Rule of Civil Procedure 62 authorizes the Court "in its discretion" to "suspend" or "modify" the injunction during the pendency of the appeal. Fed. R. Civ. P. 62(d). A stay pending appeal turns on four factors: "1) that the movant is likely to prevail on the merits on appeal; 2) that absent a stay the movant will suffer irreparable damage; 3) that the adverse party will suffer no substantial harm from the issuance of the stay; and 4) that the public interest will be served by issuing the

stay." *Garcia-Mir v. Meese*, 781 F.2d 1450, 1453 (11th Cir. 1986) (citing *Jean v. Nelson*, 683 F.2d 1311, 1312 (11th Cir. 1982)). "Ordinarily the first factor is the most important." *Id*. "Considering that this test is so similar to that applied when considering a preliminary injunction, courts rarely stay a preliminary injunction pending appeal." *Honeyfund.com, Inc. v. DeSantis*, No. 22-cv-227, 2022 WL 3486962, at *15 (N.D. Fla. Aug. 18, 2022).

### III. DISCUSSION

#### A. Substantial Likelihood of Success on Appeal

Defendants argue that injunctive relieve should be "limited in scope to the extent necessary to protect the interests of the parties." ECF No. [57] at 3 (quoting *Keener v. Convergys Corp.*, 342 F.3d 1264, 1269 (11th Cir. 2003)). Plaintiffs respond that the Court correctly applied the First Amendment overbreadth doctrine in issuing a statewide injunction. ECF No. [60] at 3 (citing *Broadrick v. Oklahoma*, 413 U.S. 601 (1973)).

Defendants are certainly correct that, in general, injunctive relief should be narrowly tailored to protect the interests of the parties. *Keener*, 342 F.3d at 1269; *accord McKusick v. City of Melbourne*, 96 F.3d 478, 484 n.5 (11th Cir. 1996). However, an exception exists within the context of a First Amendment overbreadth challenge, which "is designed to remedy the chilling effects of overbroad statutes – statutes that 'have such a deterrent effect on free expression that they should be subject to challenge even by a party whose own conduct may be unprotected.'" *FF Cosmetics FL, Inc. v. City of Miami Beach*, 866 F.3d 1290, 1303 (11th Cir. 2017) (quoting *Members of City Council of City of L.A. v. Taxpayers for Vincent*, 466 U.S. 789, 798 (1984)). "[A] statute found to be overbroad is 'totally forbidden until and unless a limiting construction or partial invalidation so narrows it as to remove the seeming threat or deterrence to constitutionally protected expression.'" *Id.* at 1300 (quoting *Broadrick*, 413 U.S. at 613). Somewhat tellingly, Defendants' Motion does

not discuss or cite *Broadrick* or *FF Cosmetics*, the two cases that the Court relied upon in granting statewide injunctive relief. *See* Order, ECF No. [52] at 22.

The majority of cases cited by Defendants are unconvincing because (1) they do not involve the First Amendment overbreadth doctrine, and (2) they criticize *nationwide* injunctions that enjoin enforcement of federal law, whereas this case involves a statewide injunction prohibiting enforcement of a Florida law. *See* ECF No. [57] at 3 (citing *Georgia v. President of the United States*, 46 F. 4th 1283 (11th Cir. 2022)). In *Georgia*, the Eleventh Circuit held that a district court abused its discretion in granting a nationwide injunction prohibiting enforcement of a federal vaccine mandate. 46 F.4th at 1308. The *Georgia* court discussed at length the problems with such nationwide injunctions.[1] *Id*. at 1304-07. Although some of the court's criticisms of nationwide injunctions arguably apply equally to statewide injunctions, *see id*. at 1304 (discussing the benefit of differing opinions), other concerns are less relevant when the scope of the injunction is limited to one state, *id*. at 1305 (discussing gamesmanship and forum shopping), and some do not apply to the statewide context at all, *id.* at 1304 (discussing special rules that apply when the federal government is a litigant). In sum, Defendants' primary argument rests on the unsupported assumption that concerns related to nationwide injunctions apply equally to intrastate injunctions like the one issued in this case.

Defendants draw their strongest support from *United States v. National Treasury Employees Union* (*NTEU*), 513 U.S. 454 (1995). In that case, the Supreme Court held that a federal honoraria ban on all Executive Branch employees violated the First Amendment, but nonetheless limited relief to the parties before the Court. *Id*. at 477-78. However, *NTEU* does not support Defendants' position. First, the *NTEU* court was considering the propriety of a nationwide remedy,

---

[1] Notably, despite its critique of nationwide injunctions, the *Georgia* court reaffirmed that they "may be issued in appropriate circumstances." 46 F.4th at 1304 (quotation marks omitted).

not a statewide remedy as here. Second, the party seeking relief in *NTEU* was a class that "include[d] all Executive Branch employees below grade GS-16[.]" *Id*. at 478. The Supreme Court did not find the honoraria ban to be a content-based restriction on speech, but rather determined that the ban was "crudely crafted" to place an unreasonable burden on low-level employees' First Amendment rights. *Id*. at 477. The Supreme Court declined to extend relief to more senior Executive officials because "the Government conceivably might advance a different justification for an honoraria ban limited to" them. *Id*. at 478. Lastly, the *NTEU* court rejected an alternative suggested remedy of redefining a portion of the federal statute, because doing so would require "tamper[ing] with the text of the statute, a practice we strive to avoid." *Id*. at 478.

Here, by contrast, the Court found the In-Office Restrictions to be an unconstitutional content-based restriction on speech. ECF No. [52] at 16. They therefore violate the rights of low-level and upper-level officials alike. Unlike the litigants in *NTEU*, Plaintiffs Garcia and Fernández do not comprise a class of the individuals whose rights are most likely to be unjustifiably burdened by the challenged law. Plaintiffs have produced credible evidence that the In-Office Restrictions burden a substantial amount of third parties' protected speech. ECF No. [52] at 10. Finally, this Court's injunction did not "tamper with the text" of the In-Office Restrictions in any way. *NTEU*, 513 U.S. at 478.

As Plaintiffs correctly argue, it is routine, appropriate, and necessary for a district court to preliminarily enjoin Florida from enforcing a law that likely violates the First Amendment. *See, e.g.*, *FF Cosmetics*, 866 F.3d at 1304 (affirming a preliminary injunction prohibiting enforcement of an ordinance successfully challenged under the First Amendment overbreadth doctrine); *Honeyfund.com*, 2022 WL 3486962 at *14 (preliminarily enjoining enforcement of a statute that "unconstitutionally discriminates on the basis of viewpoint"). When defining the scope of the

injunction in this case, the Court was mindful that invalidating a law based on the overbreadth doctrine is "strong medicine." *Broadrick*, 413 U.S. at 613. However, strong medicine is necessary when a constitutionally infirm law is not readily capable of a "limiting construction." *Id*. No plausible limiting construction has been proposed in this case.

In sum, Defendants have not shown that they are substantially likely to prevail on the merits of their appeal.

### B. The Remaining Factors

"Normally, a failure to satisfy the first factor in a motion for stay pending appeal dooms the motion." *In re Freedom Unlimited*, 489 F. Supp. 3d 1328, 1338 (S.D. Fla. 2020) (citation omitted). However, a "movant may also have his motion granted upon a lesser showing of a substantial case on the merits when the balance of the equities [identified in factors 2, 3, and 4] weighs heavily in favor of granting the stay." *Garcia-Mir v. Meese*, 781 F.2d at 1453 (alteration in original) (quotation marks omitted).

Beginning with irreparable harm, Defendants argue that "[a]ny time a State is enjoined by a court from effectuating statutes enacted by representatives of its people, it suffers a form of irreparable injury." ECF No. [57] (quoting *Maryland v. King*, 567 U.S. 1301, 1303 (2012) (Roberts, C.J., in chambers)). Plaintiffs accurately respond that "there can be no irreparable harm to [the State] when it is prevented from enforcing an unconstitutional statute[.]" *KH Outdoor, LLC v. City of Trussville*, 458 F.3d 1261, 1272 (11th Cir. 2006) (quotation marks omitted).

Regarding the balance of harms, Defendants are correct that the two Plaintiffs with standing – Garcia and Fernández – will not be harmed by modifying the injunction as Defendants request. ECF No. [57] at 4. However, given the purpose of the overbreadth doctrine "to protect the public from the chilling effect such a statute has on protected speech," *Weaver v. Bonner*, 309 F.3d

1312, 1318 (11th Cir. 2002) (quotation marks omitted), it is arguably necessary for the Court to consider the harm that Defendants' requested stay would cause to "others not before the court." *Broadrick*, 413 U.S. at 612; *see also Elrod v. Burns*, 427 U.S. 347, 373 (1976) ("The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable harm."). In such case, the balance of harms certainly disfavors the requested stay, which would subject countless public officers to potential enforcement of a law that likely violates their First Amendment rights. However, even assuming that the interests of third parties are not appropriately considered at this juncture, this factor in Defendants' favor does not outweigh the other three stay factors, all of which favor Plaintiffs.

Concluding with the final factor, "[t]he public has no interest in enforcing an unconstitutional" law. *KH Outdoor*, 458 F.3d at 1272. Defendants have not even attempted to dispute the Court's determination that the In-Office Restrictions are unconstitutional, so this factor favors Plaintiffs.

## IV.  CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Defendants' Motion for Stay, ECF No. [57], is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on May 15, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record