UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 22-cv-24156-BLOOM/Otazo-Reyes**

RENÉ GARCIA, *et al.*,

    Plaintiffs,

v.

KERRIE J. STILLMAN, *et al.*,

    Defendants.

_____/

**ORDER ON MOTION FOR LEAVE TO FILE BRIEF
*AMICUS CURIAE* IN SUPPORT OF DEFENDANTS**

**THIS CAUSE** is before the Court upon the Motion of Campaign Legal Center ("CLC") for Leave to File Brief *Amicus Curiae* in Support of Defendants' Motion for Summary Judgment. ECF No. [89] ("Motion"). Plaintiffs René Garcia and Javier Fernández filed a Response in Opposition. ECF No. [99]. CLC has not filed a reply. The Court has considered the Motion, the Response, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted.

While the Federal Rules of Appellate Procedure and the Supreme Court Rules address the filing of *amicus curiae* briefs, the Federal Rules of Civil Procedure contain no provision regarding the involvement of *amici* at the trial court level. However, the district court possesses the inherent authority to appoint *amici* to assist in a proceeding. *Resort Timeshare Resales, Inc. v. Stuart*, 764 F. Supp. 1495, 1500 (S.D. Fla. 1991). "Inasmuch as an *amicus* is not a party and does not represent the parties but participates only for the benefit of the court, it is solely within the discretion of the court to determine the fact, extent, and manner of participation by the *amicus*." *News & Sun-Sentinel Co. v. Cox,* 700 F. Supp. 30, 31 (S.D. Fla. 1988) (quotation marks omitted).

Case No. 22-cv-24156-BLOOM/Otazo-Reyes

According to CLC's Motion, CLC "is a nonpartisan nonprofit organization working for a more transparent, inclusive, and accountable democracy at all levels of government." ECF No. [89] at 1. "CLC believes its proposed amicus brief will benefit the Court by providing a broader, national perspective regarding similar efforts to protect the public by limiting officeholders' paid lobbying." *Id*.

Plaintiffs respond that CLC "fail[s] to explain how its brief will benefit the Court by offering a new or unique perspective beyond that already presented by the parties." ECF No. [99] (quoting *Havana Docks Corp. v. Royal Caribbean Cruises, Ltd*., No. 19-cv-23590, 2021 WL 4819580, at *1 (S.D. Fla. Oct. 15, 2021)). They further assert that Defendants have been ably represented by the Office of Florida's Attorney General. *Id*. at 4.

The Court certainly agrees that with Plaintiffs that Defendants are ably represented, and the Attorney General does not "need assistance." *News & Sun-Sentinel Co.*, 700 F. Supp. at 32 (quotation marks omitted). Nonetheless, the Court concludes that CLS has expertise in the issues raised in this litigation, and upon review of its amicus brief, ECF No. [89-1], the Court finds that CLC's national and comparative perspective is helpful. As CLC correctly points out, "this Court has permitted *amicus curiae* participation where a case concerns issues in which the amicus is uniquely interested or where amicus expertise is positioned to add value to the Court's analysis of the case." ECF No. [89] at 2 (citing *City of S. Miami v. DeSantis*, No. 19-cv-22927, 2019 WL 9514566, *1 (S.D. Fla. Dec. 10, 2019)) and *Friends of Everglades, Inc. v. S. Fla. Water Mgmt. Dist*., No. 02-cv-80309, 2005 WL 8160352, *1 (S.D. Fla. Nov. 1, 2005)). The Court will therefore exercise its discretion to allow CLC to file the amicus brief attached to its Motion.

Case No. 22-cv-24156-BLOOM/Otazo-Reyes

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Motion, **ECF No. [89]**, is **GRANTED**.

2. CLC shall file its brief attached to its Motion **no later than July 24, 2023**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on July 20, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record