UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-24156-BLOOM/Otazo-Reyes

**RENÉ GARCIA**,

    Plaintiff,

v.

**KERRIE J. STILLMAN**, EXECUTIVE DIRECTOR, FLORIDA COMMISSION ON ETHICS, in her official capacity; **GLENTON GILZEAN, JR.**, CHAIRMAN, FLORIDA COMMISSION ON ETHICS, in his official capacity; **DON GAETZ**, VICE CHAIRMAN, FLORIDA COMMISSION ON ETHICS, in his official capacity; **MICHELLE ANCHORS**, COMMISSIONER, FLORIDA COMMISSION ON ETHICS, in her official capacity; **WILLIAM P. CERVONE**, COMMISSIONER, FLORIDA COMMISSION ON ETHICS, in his official capacity; **JOHN GRANT**, COMMISSIONER, FLORIDA COMMISSION ON ETHICS, in his official capacity; **WILLIAM N. MEGGS**, COMMISSIONER, FLORIDA COMMISSION ON ETHICS, in his official capacity; **ED H. MOORE**, COMMISSIONER, FLORIDA COMMISSION ON ETHICS, in his official capacity; **WENGAY M. NEWTON, SR.**, COMMISSIONER, FLORIDA COMMISSION ON ETHICS, in his official capacity; **JIM WALDMAN**, COMMISSIONER, FLORIDA COMMISSION ON ETHICS, in his official capacity; **ASHLEY MOODY**, ATTORNEY GENERAL, STATE OF FLORIDA, in her official capacity; and **JIMMY PATRONIS**, CHIEF FINANCIAL OFFICER, STATE OF FLORIDA, in his official capacity,

    Defendants.
_____/

## ORDER ON MOTION TO STAY

**THIS CAUSE** is before the Court upon Defendants' Motion for Stay as to Scope of Permanent Injunction Pending Appeal ("Motion"), ECF No. [113], filed on August 11, 2023. Plaintiff filed a Response in opposition. ECF No. [115]. The Court has carefully considered the

Motion, the Response, the record as a whole, the applicable law, and is otherwise fully advised. For the reasons stated herein, Defendants' Motion is denied.

## I. INTRODUCTION

On August 9, 2023, the Court granted summary judgment in favor of Plaintiff René Garcia on his claim that Article II, § 8(f)(2) of the Florida Constitution (the "In-Office Restrictions") violates the First Amendment. *See* ECF No. [110] ("Order"). The Court held that the In-Office Restrictions amount to a content-based restriction on speech and the Court invalidated the In-Office Restrictions pursuant to the First Amendment overbreadth doctrine. Accordingly, the Court granted Final Judgment in favor of Plaintiff and permanently enjoined Defendants from enforcing the In-Office Restrictions. *Id.* at 38. Defendants have appealed. ECF No. [116].

On August 11, 2023, Defendants moved for a partial stay of the Court's Order pending appeal. ECF No. [113]. Defendants ask the Court to stay the permanent injunction to the extent it applies to public officers other than Plaintiff Garcia.

In Response, Plaintiff argues that the Court correctly applied the First Amendment overbreadth doctrine in invalidating the In-Office Restrictions altogether. ECF No. [115]. Plaintiff asserts that accepting Defendants' argument to the contrary would be to "effectively gut[ ] the overbreadth doctrine." *Id.* at 3.

## II. LEGAL STANDARD

When an appeal is taken from a final judgment granting an injunction, Federal Rule of Civil Procedure 62 authorizes the Court to "suspend" or "modify" the injunction during the pendency of the appeal. Fed. R. Civ. P. 62(d). A stay pending appeal turns on four factors: "1) that the movant is likely to prevail on the merits on appeal; 2) that absent a stay the movant will suffer irreparable damage; 3) that the adverse party will suffer no substantial harm from the issuance of

the stay; and 4) that the public interest will be served by issuing the stay." *Garcia-Mir v. Meese*, 781 F.2d 1450, 1453 (11th Cir. 1986) (citing *Jean v. Nelson*, 683 F.2d 1311, 1312 (11th Cir. 1982)). "Ordinarily the first factor is the most important." *Id*.

### III. DISCUSSION

#### A. Substantial Likelihood of Success on Appeal

Defendants limit their Motion to the issue of the injunction's scope. ECF No. [113] at 1. Defendants assert that a statewide injunction is "unnecessary to provide complete relief to Plaintiff Garcia, who would be fully protected by an injunction limited to him." *Id.* at 5. They argue that the Court has "conflate[d] the merits of an overbreadth challenge with the proper scope of injunctive relief." *Id*. Plaintiff responds that the Court correctly applied decades of binding authority establishing that the remedy to a successful First Amendment overbreadth challenge is invalidation of the challenged statute. ECF No. [115] at 5.

Defendants assert that the Court misinterpreted *Broadrick v. Oklahoma*, 413 U.S. 601 (1973), which stated that "enforcement of a statute" deemed overbroad in violation of the First Amendment "is totally forbidden until and unless a limiting construction or partial invalidation so narrows it as to remove the seeming threat or deterrence to constitutionally protected expression." *Id.* at 613. Defendants assert that the quoted language from *Broadrick* "had nothing to do with the scope of the judgment; it was a reference to the 'scope of the court's constitutional analysis.'" ECF No. [113] at 6 (quoting Howard M. Wasserman, *"Nationwide" Injunctions Are Really "Universal" Injunctions and They Are Never Appropriate*, 22 Lewis & Clark L. Rev. 335, 384 (2018)).

Defendants' argument is unconvincing. It is true, as Defendants argue, that the First Amendment overbreadth doctrine entails a "departure from traditional rules of standing[.]"

3

*Broadrick*, 413 U.S. at 613. However, *in addition* to affecting standing, the First Amendment overbreadth doctrine also has the "consequence . . . that any enforcement of a statute thus placed at issue is totally forbidden until and unless a limiting construction or partial invalidation so narrows it as to remove the seeming threat or deterrence to constitutionally protected expression." *Id*. at 613.[1] The *Broadrick* Court's repeated use of unqualified terms—"any enforcement" and "totally forbidden"—indicates that the Court intended the overbreadth doctrine to have broad remedial consequences that extend beyond the named plaintiffs. *Id.* at 613. Due to those consequences, the Court advised that "[a]pplication of the overbreadth doctrine in this manner is, manifestly, strong medicine." *Id.* The term "medicine" indicates *remedy*, not standing, as Defendants unpersuasively argue.

The Court is not persuaded by the law review articles cited by Defendants. The Wasserman article argues that, in general, "[t]he declaration of facial unconstitutionality goes to the scope of the court's constitutional analysis and reasoning," but not to the scope of the remedy. Wasserman, 22 Lewis & Clark L. Rev. at 384. However, it does not discuss *Broadrick*, its progeny, or the First Amendment overbreadth doctrine. The second law review article cited by Defendants—Henry P. Monaghan, *Overbreadth*, 1981 Sup. Ct. Rev. 1, 4 (1982)—discusses the overbreadth doctrine's effect on traditional standing principles. It does not address the issue at hand regarding the scope of injunctive relief.

As Plaintiff points out, the Supreme Court has repeatedly affirmed *Broadrick*'s conclusion that enforcement of an overbroad statute is "totally forbidden until and unless a limiting construction or partial invalidation so narrows it as to remove the seeming threat or deterrence to

---

[1] Defendants have not proposed a limiting construction of the In-Office Restrictions.

constitutionally protected expression." *Broadrick*, 413 U.S. at 613; *see, e.g.*, *Virginia v. Hicks*, 539 U.S. 113, 118 (2003) (a successful overbreadth challenge "suffices to invalidate *all* enforcement of that law" (emphasis added by *Hicks*)). In *Hicks*, the Supreme Court described overbreadth as an "expansive remedy" borne "out of concern that the threat of enforcement of an overbroad law may deter or 'chill' constitutionally protected speech[.]" 539 U.S. at 119. "Overbreadth adjudication, by suspending *all* enforcement of an overinclusive law, reduces these social costs caused by the withholding of protected speech." *Id.*; *see also New York v. Ferber*, 458 U.S. 747, 773 (1982) (explaining how, in the criminal context, a successful overbreadth challenge entails not simply "revers[ing] the particular conviction" but rather invalidating the challenged law). As revealed this year in *United States v. Hansen*, 143 S. Ct. 1932, 1939 (2023), the overbreadth doctrine is alive and well, and it continues to have broad remedial consequences. *Id*. at 1939-40.

Moreover, Defendants' position is inconsistent with the purpose of the overbreadth doctrine "to vindicate the rights of others not before the court." *CAMP Legal Def. Fund, Inc. v. City of Atlanta*, 451 F.3d 1257, 1271 (11th Cir. 2006). The overbreadth doctrine is intended to remedy the problem that many potential plaintiffs would simply chill their speech rather than choosing to "undertake the considerable burden (and sometimes risk) of vindicating their rights through case-by-case litigation[.]" *Hicks*, 539 U.S. at 119. To "reduce[ ] these social costs caused by the withholding of protected speech," *id.*, "the overbreadth doctrine allows a litigant (even an undeserving one) to vindicate the rights of the silenced, as well as society's broader interest in hearing them speak." *Hansen*, 143 S. Ct. at 1939. The "rights of the silenced" would not be vindicated by depriving the silenced of injunctive relief, as Defendants request.

Defendants' strongest support is the Eleventh Circuit panel's decision partially staying the preliminary injunction that the Court entered earlier in this case. *See Garcia v. Exec. Dir., Fla.*

5

*Comm'n on Ethics*, No. 23-10872, D.E. 33 at 2-3 (11th Cir. June 5, 2023). The panel limited the preliminary injunction to the named Plaintiffs, explaining that "the need to protect third parties" does not warrant broad application of the injunction "to every 'public officer,' as that term is defined in article 2, section 8(f)(1) of the Florida Constitution, as amended." *Id*. For the proposition that "the need to protect third parties" is not a valid reason to grant statewide injunctive relief, the panel cited *Georgia v. President of the U.S.*, 46 F.4th 1283 (11th Cir. 2022), wherein the Eleventh Circuit discussed "[c]oncerns that nationwide injunctive relief is both increasing in frequency and incompatible with the proper judicial role[.]" *Id*. at 1306. The *Georgia* case was not a First Amendment overbreadth challenge, and the panel did not mention the First Amendment overbreadth doctrine. The panel did not overrule or distinguish decades of Supreme Court overbreadth jurisprudence. The Court therefore interprets the panel's decision to partially stay the preliminary injunction as stemming from this Court's failure to clearly articulate the primary reason that the Court deems widespread injunctive relief necessary.

Pursuant to the Supreme Court's instructions, the consequence of finding a statute unconstitutionally overbroad is that "*all* enforcement" of the invalidated statute is prohibited. *Hicks*, 539 U.S. at 118 (emphasis in the original). Defendants have not shown a substantial likelihood of success on their argument that the Court misapplied the overbreadth doctrine to afford relief to non-parties.

**B. The Remaining Factors**

"Normally, a failure to satisfy the first factor in a motion for stay pending appeal dooms the motion." *In re Freedom Unlimited*, 489 F. Supp. 3d 1328, 1338 (S.D. Fla. 2020) (citation omitted). However, a "movant may also have his motion granted upon a lesser showing of a substantial case on the merits when the balance of the equities [identified in factors 2, 3, and 4]

weighs heavily in favor of granting the stay." *Garcia-Mir v. Meese*, 781 F.2d at 1453 (alteration in original) (quotation marks omitted).

Regarding irreparable harm, Defendants argue that "[a]ny time a State is enjoined by a court from effectuating statutes enacted by representatives of its people, it suffers a form of irreparable injury." ECF No. [113] at 7 (quoting *Maryland v. King*, 567 U.S. 1301, 1303 (2012) (Roberts, C.J., in chambers)). Plaintiff accurately responds that "there can be no irreparable harm to [the State] when it is prevented from enforcing an unconstitutional statute[.]" ECF No. [115] at 12 (quoting *KH Outdoor, LLC v. City of Trussville*, 458 F.3d 1261, 1272 (11th Cir. 2006) (quotation marks omitted)). This factor favors Plaintiff.

Turning to the balance of harms, Defendants are correct that Plaintiff Garcia will not be harmed by modifying the injunction as Defendants request. This factor favors Defendants.

Addressing the public interest, Defendants assert that "the public interest is served" by the case-by-case adjudication of public officers' rights. ECF No. [113] at 8. Plaintiff accurately responds that "[t]he public has no interest in enforcing an unconstitutional" law. ECF No. [115] at 12 (quoting *KH Outdoor*, 458 F.3d at 1272). Given that Defendants do not presently dispute the In-Office Restrictions' unconstitutionality, Defendants have not shown that the public interest is in their favor.

In sum, the Court concludes that three of the four stay factors favor Plaintiff, including the "most important" factor regarding the likelihood of success on the merits of Defendants' appeal. *Garcia-Mir*, 781 F.2d at 1453. Defendants have therefore failed to meet their burden of showing that a stay is appropriate.

IV.     CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Defendants' Motion for Stay, **ECF No. [113]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on August 25, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record