**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 22-cv-24156-BLOOM/Torres**

RENÉ GARCIA,

      Plaintiff,

v.

KERRIE J. STILLMAN, *et al.*,

      Defendants.

_____/

## ORDER GRANTING PLAINTIFFS' MOTION FOR INDICATIVE RULING

**THIS CAUSE** is before the Court upon Plaintiffs' René Garcia and Javier Fernández's ("Plaintiffs") Motion for Indicative Ruling Regarding the Final Summary Judgment Order, ECF No. [128] ("Motion"). Defendants Kerrie Stillman, John Grant, Glenton Gilzean, Jr., Michelle Anchors, William Cervone, Don Gaetz, William Meggs, Ed Moore, Wengay Newton, Sr., Jim Waldman, Ashley Moody, and Jimmy Patronis ("Defendants") filed a Response in Opposition, ECF No. [129], to which Plaintiffs filed a Reply, ECF No. [130]. The Court has considered the Motion, all opposing and supporting submissions, the record, the relevant law, and is otherwise fully advised. For the reasons that follow, Plaintiffs' Motion is granted.

### I.   BACKGROUND

On August 9, 2023, the Court granted summary judgment in favor of Plaintiff René Garcia on his claim that Article II, § 8(f)(2) of the Florida Constitution (the "In-Office Restrictions") violates the First Amendment. *See generally* ECF No. [110] ("Summary Judgment Order"). The Court held that the In-Office Restrictions amount to a content-based restriction on speech and the Court invalidated the In-Office Restrictions pursuant to the First Amendment overbreadth

doctrine. *Id.* Accordingly, the Court granted final judgment in favor of Plaintiffs and permanently enjoined Defendants, "their officers, agents, servants, employees, and attorneys[]" from enforcing the In-Office Restrictions. *Id.* at 38. Defendants thereafter filed an appeal. ECF No. [116].

On November 30, 2023, the Eleventh Circuit Court of Appeals entered an order staying the application of the Court's permanent injunction to public officers other than Plaintiff René Garcia while the appeal is pending.[1] *See Garcia v. Exec. Dir., Fla. Comm'n on Ethics* (11th Cir. Aug. 15, 2023), No. 23-12663, ECF No. [36] ("Order Staying Injunction"). In a concurring opinion joined by Judge Pryor, Judge Jordan noted that he would have denied Defendants' Motion for Stay Pending Appeal "[h]ad the district court ruled that the Florida constitutional provision failed under [the] First Amendment overbreadth doctrine." *Id.* at 4. Judge Jordan interpreted the Summary Judgment Order as ruling only "that the [In-Office Restrictions] violated the First Amendment because it was content-based, and under strict scrutiny was not narrowly tailored to achieve a compelling state interest." *Id.* at 5.

On December 11, 2023, Plaintiffs filed a Motion for Reconsideration of the Eleventh Circuit's Order Staying Injunction. *See Garcia v. Exec. Dir., Fla. Comm'n on Ethics* (11th Cir. Aug. 15, 2023), No. 23-12663, ECF No. [37]. Therein, Plaintiffs request that the Eleventh Circuit reconsider its decision to partially stay the permanent injunction. *See generally id.* Alternatively, Plaintiffs requests that the Eleventh Circuit stay Defendants' appeal of the Summary Judgment Order and remand the case to this Court for the limited purpose of clarifying the Summary Judgment Order. *Id.*

Plaintiffs' Motion requests that the Court issue an indicative ruling pursuant to Federal Rule of Civil Procedure 62.1. Plaintiffs specifically request an indicative ruling providing that,

---

[1] This Court previously denied Defendants' Motion to Stay as to the Scope of Permanent Injunction Pending Appeal, ECF No. [113]. *See* ECF No. [118].

should the Eleventh Circuit remand this case to enable the Court to clarify its Summary Judgment Order, the Court will confirm that the Summary Judgment Order held that the In-Office Restrictions violated the First Amendment overbreadth doctrine and permanently enjoined Defendants from enforcing the In-Office Restrictions on that basis. *See generally* Motion.

## II.   LEGAL STANDARD

"[A] federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously.  The filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over the aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (per curiam).

Federal Rule of Civil Procedure 62.1(a) provides that "[i]f a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Fed. R. Civ. P. 62.1(a).

## III.   DISCUSSION

The Court was divested of jurisdiction to clarify its Summary Judgment Order when Defendants appealed the Final Judgment, ECF No. [111]. Plaintiffs accordingly do not move for the Court to clarify its Summary Judgment Order, as the Court lacks jurisdiction to do so. Instead, Plaintiffs seek an indicative ruling that, upon a limited remand, the Court will clarify that its Summary Judgment Order held that the In-Office Restrictions are overbroad and permanently enjoined its enforcement on that basis. Defendants contend that an indicative ruling is inappropriate because the Summary Judgment Order did *not* rule that the In-Office Restrictions

were unconstitutionally overbroad. Defendants also argue that an indicative ruling is procedurally improper because (1) "[n]one of the circumstances that can justify an indicative ruling … [are] present in this case[,]" and because (2) Plaintiffs "seek to use the indicative-ruling procedure to relitigate their case." ECF No. [129] at 2-3.

### A.  An indicative ruling is procedurally proper

As a threshold matter, Defendants are incorrect that issuing an indicative ruling is procedurally improper in this context. Rule 62.1(a) permits the Court to exercise its discretion to issue an indicative ruling regarding "relief that the court lacks authority to grant because of an appeal that has been docketed and is pending" so long as the motion in question is timely. *See* Fed. R. Civ. P. 62.1(a). Plaintiffs attest that they filed their Motion seeking an indicative ruling on the Summary Judgment Order—rather than moving for the Court to clarify its Summary Judgment Order—due to the procedural posture of the case. Motion at 4-5. Plaintiffs accordingly request that the Court interpret their Motion as incorporating an underlying motion for clarification. *Id.* at 5 n.4. Defendants do not argue that the Motion is procedurally improper due to the absence of an underlying motion for clarification. Nor could they, as "[e]ven if [Plaintiffs] did not file a predicate motion, courts frequently construe a motion for an indicative ruling as an underlying motion." *In re Zantac (Ranitidine) Prod. Liab. Litig.*, No. 20-MD-2924, 2023 WL 2325536 (S.D. Fla. Mar. 2, 2023) (collecting cases). Accordingly, the absence of an underlying motion for clarification does not preclude the issuance of an indicative ruling. *Id.*

As noted, Rule 62.1(a) permits the issuance of an indicative ruling if Plaintiffs' Motion is timely. The Court construes Plaintiffs' Motion as a request for clarification pursuant to Federal Rule of Civil Procedure Rule 60(b)(1).[2] Rule 60(b)(1) provides that a court "may relieve a party

---

[2] The Court does not construe the Motion as a request for clarification pursuant to Rule 60(a). Rule 60(a) is limited to corrections of clerical, non-substantive errors. *See, e.g.*, *Weeks v. Jones*, 100 F.3d 124

or its legal representative from a final judgment, order, or proceeding" when such relief is appropriate due to "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Rule 60(c)(1) provides that such motions "must be made within a reasonable time … and [] no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

Here, Plaintiffs filed the instant Motion less than two weeks after the Eleventh Circuit partially stayed the permanent injunction, and within a year of the Court's entry of final judgment on August 9, 2023. ECF No. [111]. Plaintiffs' Motion is therefore timely. Rule 62.1(a) accordingly permits the issuance of an indicative ruling if the Court deems such a ruling is appropriate. The cases on which Plaintiffs rely—and that Defendants attempt to distinguish from this action—do not suggest otherwise. *See* ECF No. [129] at 2-3. Moreover, Defendants' assertion that Plaintiffs' Motion constitutes an attempt to relitigate the issue of whether the In-Office Restrictions are overbroad is unavailing. Plaintiffs' request that the Court clarify the basis for issuing the permanent injunction—specifically, to clarify whether the Court held that the In-Office Restrictions are overbroad and enjoined their enforcement on that basis, or if the Court did not so hold. Regardless of *how* the Court clarifies the Summary Judgment Order, the Motion does not request that the

---

(11th Cir. 1996) ("While the district court may correct clerical errors to reflect what was intended at the time of ruling, "[e]rrors that affect substantial rights of the parties … are beyond the scope of rule 60(a).") (quoting *Mullins v. Nickel Plate Mining Co.,* 691 F.2d 971, 973 (11th Cir. 1982) (footnote call number omitted)). As discussed below, the Summary Judgment Order held that the In-Office Restrictions violate the First Amendment's overbreadth doctrine. The Court accordingly does not construe the instant Motion as a motion to reconsider the Summary Judgment Order pursuant to Rule 59(e). However, because the Court interprets the Eleventh Circuit's Order Staying Injunction as stemming from this Court's failure to clearly articulate that the In-Office Restrictions are overbroad, the Court construes Plaintiffs' Motion as a request to correct a legal error—namely, the Court's failure to unambiguously hold that the In-Office Restrictions violate the First Amendment because they amount to a content-based restriction on speech, and because they are overbroad.

Court substantively alter its holding. Defendants are therefore incorrect that issuing an indicative ruling pursuant to Rule 62.1(a) is procedurally improper.

### B.        An indicative ruling is warranted

Having determined that an indicative ruling is procedurally appropriate, the Court must determine whether such a ruling should be issued. The Court finds that issuing an indicative ruling is warranted. The Order Staying Injunction and Plaintiffs' Motion demonstrate that the Court's holding and the basis for issuing the permanent injunction are unclear. An indicative ruling can alleviate this confusion by confirming the basis for the Court's holding that the In-Office Restrictions violated the First Amendment and the Court's issuance of the permanent injunction. Doing so will also ensure that unnecessary resources are not expended to resolve this issue and will assist in narrowing the issues on appeal.

As discussed, Plaintiffs contend that the Summary Judgment Order held that the In-Office Restrictions violate the First Amendment's overbreadth doctrine and permanently enjoined its enforcement on that basis. Defendants respond that the Summary Judgment Order did not hold that the In-Office Restrictions are overbroad, and studiously avoided doing so. Defendants are incorrect. The Summary Judgment Order found that Plaintiffs "demonstrated 'from the text of the law' that the In-Office Restrictions are content-based, overbroad restrictions on speech." Summary Judgment Order at 39 (quoting *Tracy v. Fla. Atl. Univ. Bd. of Trs.*, 980 F.3d 799, 810 (11th Cir. 2020)). The Court further explained that "a statute found to be overbroad is totally forbidden until and unless a limiting construction or partial invalidation so narrows it as to remove the seeming threat or deterrence to constitutionally protected expression." *Id.* (quoting *FF Cosmetics FL, Inc. v. City of Miami Beach*, 866 F.3d 1290, 1300 (11th Cir. 2017) (internal quotation marks omitted)).

The Court concluded that "[n]o reasonable limiting construction is apparent in this case[]" and accordingly "permanently enjoin[ed] enforcement of the In-Office Restrictions."[3] *Id.*

The Court therefore agrees with Plaintiffs that the Summary Judgment Order should be amended to clarify that the In-Office Restrictions violate the First Amendment's overbreadth doctrine—in addition to constituting a content-based restriction on speech—and that the Court issued the permanent injunction based on its holding that the provision is overbroad. Furthermore, the Court finds that the Summary Judgment Order should be amended to explicitly state that the absence of *any* legitimate applications of the In-Office Restrictions to local officials demonstrates that "a substantial number of the statute's applications are unconstitutional, judged in relation to the statute's plainly legitimate sweep." *United States v. Stevens*, 559 U.S. 460, 473 (2010).

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiffs' Motion, **ECF No. [128]**, is **GRANTED**. The Court states that it would clarify its Summary Judgment Order as described above if the Eleventh Circuit Court of Appeals remands the matter for this purpose.

**DONE AND ORDERED** in Chambers at Miami, Florida, on January 11, 2024.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

---

[3] As Plaintiffs accurately observe, the Court subsequently reiterated this holding in its Order on Motion to Stay. *See* ECF No. [118] at 2 ("The Court held that the In-Office Restrictions amount to a content-based restriction on speech and the Court invalidated the In-Office Restrictions pursuant to the First Amendment overbreadth doctrine.")